UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
EMAN YOUSSEF

                **Plaintiff,**

        -against-

**TD BANK, N.A.**
**EQUIFAX INFORMATION SERVICES, LLC,**
**EXPERIAN INFORMATION SOLUTIONS, INC.,**
**and TRANS UNION, LLC,**

                **Defendants.**
-----------------------------------------------------------------x

1:25-cv-01987

COMPLAINT

Plaintiff, EMAN YOUSSEF ("Plaintiff"), by and through her undersigned counsel, Mallon Consumer Law, brings this action against Defendants T.D. BANK, N.A. ("TD BANK") EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"), and TRANS UNION, LLC ("Trans Union"), and alleges the following, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff Eman Youssef is a victim of identity theft. While Plaintiff was travelling out of the country identity thieves used her TD Bank credit card to make over $7,700 in purchase without her consent.

2. Plaintiff brings this action against Defendant TD Bank for violating the FCRA, 15 U.S.C. § 1681s-2(b), by failing to reasonably investigate fraudulent charges on her TD Bank credit card after Plaintiff disputed the reporting of the charge with the credit reporting agencies. Defendant TD Bank wrongfully verified that the fraudulent charges being reported accurately to the consumer reporting

1

agency Defendants who subsequently continued to erroneously report Plaintiff's account as delinquent to her detriment.

3. Plaintiff brings this action against Defendants Equifax, Experian, and Trans Union (hereinafter collectively referred to as the "CRA Defendants")—the three major national credit reporting agencies—for violating the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, and the New York Fair Credit Reporting Act ("NY FCRA"), N.Y. GBL § 380 *et seq.*, by failing to conduct reasonable investigations after Plaintiff disputed the fraudulent balance transfer. Defendants refused to reasonably investigate the dispute even after Plaintiff submitted documentation showing that she was out of the country when the charges were made.

4. Plaintiff further alleges that as a direct and proximate result of Defendants' unlawful actions, conduct, and omissions, the erroneous derogatory payment information wrongfully listed on Plaintiff's consumer reports caused her to suffer actual damages including, *but not limited to*, damage to reputation, adverse impact on credit rating, being denied credit and having her current credit limits reduced, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

5. Plaintiff brings this action for actual, statutory, and punitive damages, as well as for statutory attorney's fees and costs, pursuant to the FCRA, 15 U.S.C. § 1681 *et seq.*, and the NY FCRA, N.Y. GBL § 380 *et seq.*

## JURISDICTION AND VENUE

6. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p.

7. This Court has diversity jurisdiction over the state law claims pursuant to 28 U.S.C. § 1332, as well as supplemental jurisdiction of the state law claims asserted herein pursuant to 28 U.S.C. §

1367(a).

8. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

9. Plaintiff, a natural person, is a resident of the State of New York, and borough of Manhattan, and qualifies as an individual "consumer" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(c); N.Y. GBL § 380-a(b).

10. Defendant Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York. Equifax qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

11. Defendant Experian is an Ohio corporation, duly authorized and qualified to do business in the State of New York. Experian qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

12. Defendant Trans Union is a Delaware corporation, duly authorized and qualified to do business in the State of New York. Trans Union qualifies as a "consumer reporting agency" within the meaning of both the FCRA and the NY FCRA. See 15 U.S.C. § 1681a(f); N.Y. GBL § 380-a(e).

13. Defendant TD Bank is a Delaware corporation, duly authorized and qualified to do business in the State of New York. TD Bank qualifies as a "furnisher of information" as contemplated by the FCRA, 15 U.S.C. §§ 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL BACKGROUND

14. Plaintiff opened a TD Bank credit card on or around July 2023 with an $8,000 credit limit. Plaintiff has always made all payments on her account in a timely manner prior to the subject fraud.

15. Plaintiff travelled to Egypt with her family from June 30, 2024 through July 30, 2024.

16. Before she left for her trip Plaintiff visited TD Bank and informed them of her trip and asked if she would be able to use her credit card while in Egypt. TD Bank ran both of her cards through a machine and said they were working properly and that she would be able to use them in Egypt.

17. Plaintiff had two physical cards for her account and brought both of them with her to Egypt.

18. While Plaintiff was gone imposters used her account to make over $7,700 in fraudulent charges between July 15, 2024 and July 31, 2024. The majority of those charges were made at three different camera stores on July 17, July 23 and July 26.

19. Plaintiff had never used her card to make similar significant purchases in the past.

20. After finding out about the fraudulent charges in August 2024 Plaintiff disputed the charges with TD Bank on five separate occasions - in person, over the phone and via fax - explaining that she did not make the charges and could not possibly have made them since she was in Egypt when they were made.

21. In fact, TD Bank told Plaintiff it must have been her son who made the charges. Plaintiff does not have a son.

22. Plaintiff filed a police report, and the police were able to obtain video footage of the thieves (two males) making a fraudulent charge at a McDonalds.

23. TD repeatedly refused to correct the charges, insisting that they were valid because whoever used the cards had a valid chip in them.

24. Plaintiff then sent written disputes to each of the credit reporting Defendants, Experian, Equifax and Trans Union on or around December 9, 2024, providing proof that she was in Egypt when the charges were made.

25. Plaintiff is informed and believes that each of the credit reporting Defendants forwarded Plaintiff's disputes to TD Bank, who refused to adequately investigate her claims and instead merely verified that she owed the amounts stated on her credit reports.

26. Each of the credit reporting agency Defendants failed to reasonably and independently investigate Plaintiffs dispute, and instead merely parroted the results of TD Banks' dispute responses.

27. As of this date each of the defendant credit reporting agencies continues to inaccurately report the fraudulent TD Bank charges as belonging to Plaintiff, destroying her otherwise stellar credit profile.

28. Plaintiff has suffered harm as a result of Defendants' conduct here. The inaccurate derogatory information wrongfully listed on Plaintiff's consumer reports was, at a minimum, a substantial factor in being denied credit, having her current credit limits reduced and caused Plaintiff significant emotional distress and damage to her reputation, adverse impact on credit rating, expenditure of time and resources, annoyance, aggravation, and frustration.

**FIRST CAUSE OF ACTION**
VIOLATION OF THE FCRA
Against All Defendants

29. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

30. Defendants Equifax, Experian, and Trans Union each prepared, compiled, issued,

5

assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the FCRA. See 15 U.S.C. § 1681a(d).

31. Such reports erroneously included false and derogatory payment information associated with the

32. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject TD Bank account.

33. Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff regarding her disputes.

34. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681i(a)(5) by failing to delete or modify the disputed erroneous and derogatory payment information associated with the subject TD Bank account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

35. After receiving notification of the Plaintiff's disputes from Experian, Equifax and Trans Union, Defendant TD Bank willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable reinvestigations of Plaintiff's multiple disputes of the erroneous and derogatory information associated with the subject account, and by failing to review all relevant information regarding Plaintiff's disputes thereof.

36. Defendant TD Bank willfully (or, in the alternative, negligently) violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information purportedly provided by the consumer

reporting agency Defendants in conducting its reinvestigations of the subject account.

37. Accordingly, Defendants are thus liable to the Plaintiff for actual, statutory, and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees incurred as a result of Defendants' FCRA violations, pursuant to 15 U.S.C. §§ 1681n and 1681o.

## SECOND CAUSE OF ACTION
VIOLATION OF THE NY FCRA
Against Defendants Equifax, Experian, and Trans Union Only

38. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

39. Defendants Equifax, Experian, and Trans Union each prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced numerous consumer reports regarding the Plaintiff, as that term is defined in the NY FCRA. See N.Y. GBL § 380-a(c)(1).

40. Such reports erroneously included false and derogatory payment information associated with the subject TD Bank account. Defendants knew, or should have known, that the reports contained such erroneous information, in violation of N.Y. GBL § 380–j(a)(3).

41. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL § 380-f by failing to conduct reasonable reinvestigations of the Plaintiff's multiple disputes of the erroneous and derogatory payment information associated with the subject TD Bank accounts.

42. Defendants Experian, Equifax and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject TD Bank account from the Plaintiff's file after failing to verify the

completeness and accuracy of that information.

43. Defendants Equifax, Experian, and Trans Union willfully (or, in the alternative, negligently) violated N.Y. GBL §§ 380-f(b) and (d) by failing to delete or modify the disputed information regarding the subject TD Bank account from the Plaintiff's file after failing to verify the completeness and accuracy of that information.

44. Defendants each published credit reports regarding the Plaintiff on multiple occasions containing the erroneous and derogatory payment information associated with the subject accounts and the subject TD Bank account, causing the Plaintiff to suffer economic harm via being denied credit, having her current credit limits reduced, limiting her opportunities for credit, in addition to emotional distress, expenditure of time and resources, annoyance, aggravation, and frustration.

45. Accordingly, Defendants are thus liable to Plaintiff for actual and punitive damages in an amount to be determined by the trier of fact, as well as for the Plaintiff's litigation costs and reasonable attorney's fees, pursuant to N.Y. GBL §§ 380-l and 380-m.

46. Plaintiff is thus further entitled to an injunction requiring the CRA Defendants to remove the erroneous and derogatory payment information associated with the subject TD Bank account from the Plaintiff's respective credit files, and to implement policies and procedures designed to ensure future compliance with the NY FCRA and prevent similar errors from occurring in the future.

///
///
///
///
///
///
///
///
///

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN.**

Dated: April 9, 2025

                                              Respectfully submitted,

Kevin C. Mallon
Mallon Consumer Law Group, PLLC
238 Merritt Drive
Oradell, NJ. 07649
(917) 734-6815
kmallon@consmerprotectionfirm.com
*Attorneys for the Plaintiff*